The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for minor modifications. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and following, as:
 STIPULATIONS
1. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer from 29 April 1981 through 4 June 1982.
3. Cigna is the carrier on risk.
4. Plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22.
5. Plaintiff's medicals regarding this claim are admitted into evidence as Stipulated Exhibit #1 and include the following:
1) Mental Health Services of Catawba County;
2) Catawba Memorial Hospital;
3) Dr. Phillips Schmitt;
 4) Conover Family Practice, received by the undersigned on 6 January 1999 and 15 January 1999 and covering dates of Service from 12 April 1979 through 26 October 1988.
6. Plaintiff's employment records from defendant-employer, including a Form 22, are admitted into evidence as Stipulated Exhibit #2.
7. Plaintiff's 1981 tax return is admitted into evidence as Stipulated Exhibit #3.
8. Plaintiff's 20 April 1998 recorded statement is admitted into evidence as Stipulated Exhibit #4.
9. Industrial Commission Forms 18, 61, 33 and 33R are admitted into evidence as Stipulated Exhibit #5.
10. The issue to be determined by this hearing are whether plaintiff sustained a compensable occupational illness arising out of and in the course of her employment with defendant-employer on or about 16 November 1981. Defendants have raised the statute of limitations as a bar to plaintiff's claim.
***********
Based upon all of the competent evidence of record, and the reasonable inferences drawn therefor, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was born on 15 January 1943 and began working for defendant-employer on 28 April 1981. Defendant-employer was in the business of manufacturing gloves and glove liners, such as heavy work-type gloves and those used by the Army.
2. Plaintiff worked as a quality control inspector and her duties included checking the correct number of stitches in the Army gloves and inspecting the quality of leather material used to make the gloves. Plaintiff's work hours were from 7:00 a.m. until 3:00 p.m. and included a lunch break and two (2) fifteen-minute breaks.
3. Plaintiff's husband was killed in a car accident in 1972 and left plaintiff with their only child, a daughter, three months old. As a result of plaintiff's husband's death, she received a Veteran's check and Social Security check. Plaintiff's family pressured plaintiff to get a job but she did not want to leave her daughter. Finally when plaintiff's daughter was five years old plaintiff took various jobs such as a teacher's aide, a secretary and a clerk at Eastco Photo booth. Plaintiff's daughter was eight or nine years of age when plaintiff went to work for defendant-employer.
4. Plaintiff thought the pay was too low at defendant-employer and had trouble getting babysitters for her daughter before and after school.
5. Also while plaintiff worked at defendant-employer she witnessed a co-worker get attacked in the bathroom. This occurred in November 1981. There is no evidence the management at defendant-employer contributed in any way to the co-worker's attack. Plaintiff also had some problems getting along with co-workers and thought she was treated differently due to her race. Plaintiff resigned approximately 4 June 1982. At the time of resignation, plaintiff reported she could not find a sitter for her daughter while the daughter was out of school for the summer.
6. Plaintiff has a long documented history of family problems. On 17 July 1982 plaintiff indicated to Conover Family Practice she was having problems with her daughter. On 5 February 1983 plaintiff reported to Catawba Memorial Hospital with feelings of depression and feelings that her daughter was picked on at school. In July 1986 plaintiff was taken to the hospital after experiencing violent tendencies in hitting her daughter and knocking down her mother. In 1990 plaintiff was hospitalized due to experiencing hallucinations that the television was sending her messages from her deceased husband and her daughter who had left for college.
7. From 1983 through the date of the hearing before the Deputy Commissioner, plaintiff was diagnosed with bipolar disorder and paranoid schizophrenia. Throughout plaintiff's voluminous medical records there are references to family events occupying her mind, such as her daughter leaving for college, or fearful her daughter would not find a job, and so forth. There are also incidents mentioned with respect to people in the community, and the State Bureau of Investigation (SBI), and dealing with the photographer from her wedding; but there are no references of any incidents at defendant-employer as a cause or precipitating event with respect to plaintiff's mental health condition.
8. No health care provider has linked any of plaintiff's problems with her employment at defendant-employer. There is no evidence plaintiff's employment at defendant-employer placed her at an increased risk for developing mental health problems.
9. After leaving Norton Company in 1982 plaintiff went to work for Belk's department store for approximately two (2) years and then to K-Mart for seven (7) months. K-Mart was plaintiff's last employer.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff's complaint of mental health problems and depression did not result from an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that plaintiff's mental health problems after 1982 were related to causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6); N.C. Gen. Stat. § 97-53(13).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This 20th day of September 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER